UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-260 |
| NEALWARD C. TAYLOR | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Nealward C. Taylor ("Taylor"). Taylor also filed a *pro se* "Writ of Audita Querela Or In The Alternative = 3582(c)(2)" seeking retroactive application of the FSA. Rec. Doc. 198. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motions should be denied for the following reasons.

On March 31, 2010, Taylor entered a guilty plea to two counts count of an indictment for conspiracy to distribute and possess with intent to distribute at five (5) grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(b)(1)(B)(iii) and §

1

846, and for distribution of at five (5) grams or more of crack. Rec. Doc. 49. He also plead guilty to a bill of information to establish prior convictions. On December 15, 2010, he was sentenced to a term of imprisonment of 156 months as to both counts, to run concurrently. Rec. Docs. 87, 88. Taylor now challenges his sentence with the argument that the Court did not apply the lower statutory minimums established in the Fair Sentencing Act ("FSA"), and that pursuant to *Dorsey v. United States*, 132 S.Ct. 2321 (2012), he should be re-sentenced. Rec. Doc. 203. The government opposes with the argument that this motion has been waived and lacks merit.

    The record reflects that the Court <u>did</u> base its sentence on the provisions of the FSA. The sentence imposed resulted in part from the amount of crack for which he admitted responsibility. Taylor agreed that he was responsible for a total of 48 grams of crack in the Factual Basis made part of the plea agreement. Rec. Doc. 51 at 2. To the extent that it is relevant to the motion, there is no authority for application of the five (5) grams of crack referenced in the indictment as opposed to the greater amount to which the plaintiff pleaded guilty. The amount to which Taylor admitted far exceeds the new 28 gram minimum amount for 21 U.S.C. § 841(B)(1)(b)(iii). In contrast, the defendant in *Dorsey* was responsible only for 5.5. grams of crack, which was less than the 28 grams that triggers the FSA's new mandatory minimum provisions.

At the same time, Taylor was sentenced as a career offender under U.S.S.G. §4B1.1. The Court applied an Offense Level of 34 and a Criminal History Score of VI to reach a guideline imprisonment range of 262–327 months with a statutory minimum sentence of ten years imprisonment, and actually granted a partial variance to 156 months based on the defendant's extensive criminal history. Rec. Doc. 207 at 7, 12. Because Taylor was a career offender, his sentence is not subject to change under the FSA. *See United States v. Bell*, 494 Fed.Appx. 843, 845-46 (10th Cir. 2012.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence and the "Writ of Audita Querela Or In The Alternative = 3582(c)(2)" filed by Nealward C. Taylor are DENIED. Rec. Doc. 198; Rec. Doc. 203.

IT IS ORDERED that the motion to appoint counsel is DISMISSED as moot. Rec. Doc. 198. The defendant is represented by counsel.

New Orleans, Louisiana, this 1st day of August, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE