UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA — CRIMINAL ACTION

VERSUS — NO. 09-0260

NEALWARD TAYLOR — SECTION: "C"

**ORDER AND REASONS**

Before this Court is an Objection to and Request that the June 20, 2013 §2255 Not Be Counted as Defendant's First Such Motion under 28 U.S.C. §2255, brought by the defendant, Nealward Taylor. Rec. Doc. 223. Having considered the record and the law, the Court has determined that the motion is DENIED for the following reasons.

**I. BACKGROUND**

On March 31, 2010, the defendant pled guilty to conspiracy to distribute and possess with the intent to distribute cocaine base and distribution of cocaine base. Rec. Doc. 49. He was sentenced to 156 months imprisonment on December 15, 2010. Rec. Doc. 87. The defendant's attorney filed a Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. §2255 on June 20, 2013. Rec. Doc. 203. The §2255 petition was subsequently denied. Rec. Doc. 211. On May 19, 2014, the defendant filed the motion at issue. Rec. Doc. 223. The motion alleges that the previously filed §2255 petition was neither signed by the defendant nor by his attorney, and that the defendant did not receive prior notice that the petition was being filed. *Id*. at 2-3. The defendant also alleges that the petition did not conform with procedural requirements because it did not "substantially follow" the standard form for a §2255 petition. *Id*. The defendants asserts that his attorney filed the §2255 petition with the intent to deprive the defendant of the opportunity to file a second habeas petition and that his attorney acted "in collusion with the U.S.

government."*Id*. at 3.

## II. LAW AND ANALYSIS

Allegations from a pro se complaint are held to a less stringent standard than formal pleadings drafted by lawyers, and a district court should treat a pro se plaintiff with appropriate leniency. *Husley v. State of Tex*., 929 F.2d 168, 171 (5th Cir.1991). Therefore, this Court will construe the defendant's objections to the §2255 petition as a motion for leave to file a second petition for writ of habeas corpus.

Article III of the Constitution provides that federal courts can only consider the merits of a case when the case presents an "actual controversy." *Steffel v. Thompson*, 415 U.S. 452, 458 (1974). The doctrines of standing and ripeness are derived from this requirement. *Allen v. Wright*, 468 U.S. 737, 750 (1984). To have standing, a plaintiff must show that he "has suffered, or imminently will suffer, a concrete and particularized injury-in-fact." *Houston Chronicle Publ'g Co. v. City of League City, Tex.*, 488 F.3d. 613, 617 (5th Cir.2007). An injury in fact must be "actual or imminent" and cannot be "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The doctrine of ripeness, which is closely related to standing, asks the question "whether the harm asserted has matured sufficiently to warrant judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Like standing, a case lacks ripeness "when the case is abstract or hypothetical." *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir.2003).

In the instant motion, the defendant requests relief "if a future change in law renders Taylor eligible for habeas relief" so that the previously filed habeas petition will not" be counted as his first such motion..." The defendant's assertion that his attorney did not seek his consent before filing a habeas motion on his behalf is a serious allegation that may entitle the defendant to future relief. However, the defendant asks for relief now in the event that a change in law gives the him the chance to file a second habeas motion. The defendant's motion is conjectural and hypothetical by its very nature. This Court will

not decide the merits of the defendant's motion because the defendant lacks standing and because the motion is not ripe for adjudication.

Accordingly,

IT IS ORDERED that the defendant's Objection to and Request that the June 20, 2013 §2255 Not Be Counted as Defendant's First Such Motion under 28 U.S.C. §2255 is DENIED. Rec. Doc. 223.

New Orleans, Louisiana, this 16th day of June, 2014.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**